### ROBINSON v. ODOM.

82

*E. F. Goodrum,* for plaintiff in error.   *J. P. Burnett,* contra.

Hill, J.   In the municipal court of Macon suit was brought on a promissory note, and verdict and judgment against the defendant were rendered on October 11, 1926.   The defendant by certiorari carried the case to the superior court. · It was recited in the petition for certiorari that the case was tried in the municipal court by a jury of six, and that the defendant in writing requested the judge to write out and read and file his written charge to the jury, but that the·judge made an oral charge to the jury.   The defendant assigned error, alleging that the failure of the judge so to write out and read and file his written charge with the clerk was contrary to law; and that the verdict was contrary to law and the evidence, and was not predicated upon a proper procedure in the trial court.   By amendment to the petition for certiorari the defendant excepted to a statement in the trial judge's answer to the writ, and moved to strike it, viz.: "If required, therefore, to grant such request, the act of 1925 relieved the court of declaring a recess to comply with such request."   The grounds of exception were:   (a)   "Because the act of 1925 (Ga. L. 1925, p. 469) is not set forth in the magistrate's answer, nor proper reference made thereto by page reference, neither is the substance nor the form thereof set forth in the answer.   (b)   Because said alleged act of 1925 is unconstitutional, in that the act of 1925 is in conflict with and abridges art. 6, sec. 9, par. 1, of the constitution of Georgia, set forth as section 6527 of the Code of 1910 providing for uniformity of courts of this State as to jurisdiction, procedure, etc., with reference to disposing of litigation.   (c)   Said act of 1925 (Ga. L. 1925, p. 469, sec. 18)   is unconstitutional and ineffective, in that the language of said act of 1925 which attempts to relieve the judge of the municipal court, City of Macon, of writing out, reading a written charge to the jury empaneled, and preserving such written charge when timely requested in writing by either party litigant, is illegal and void, because that part of the said act of 1925, so attempting to relieve said judge from so writing, charging

the jury in writing, and preserving such written charge, is not contained in the preamble or heading of said act of 1925, said act containing no reference to the language recited in the magistrate's answer herein excepted to, and only appears in the text of said act of 1925, and no notice could have been had of the intention of the General Assembly to have such act passed into law, and is violative of the constitution of Georgia, art. 3, sec. 7, par. 8. (d) Said act of 1925, attempting to relieve the presiding judge of the municipal court of Macon from writing out, reading, and preserving his charge to the jury, on a timely and proper written request therefor by either party litigant, is unconstitutional and void, because said act contains more than one subject-matter in both the title or preamble and in the body or text of said act, and thereby offends art. 3, sec. 7, par. 8, of the constitution of Georgia, which prohibits more than one subject-matter contained in a law or act." These exceptions and the assignments of error on certiorari were overruled by the judge of the superior court; and the defendant excepted.

The question for decision is whether the judge of the municipal court of Macon erred in not writing out his charge to the jury in the trial of the case, not reading the same to the jury, and not filing it with the clerk of the court for preservation, upon timely and proper request so to do. The judge, in his answer to the writ of certiorari, averred that the charge was not written out and read to the jury as requested, as the act of 1925 (Ga. L. 1925, pp. 469, 471) relieved the court of "declaring a recess to comply with such request." The act of 1925 provides that "section 18 of the original act creating the municipal court of the city court of Macon, approved August 6, 1913, be amended by adding to the said section 18 the following words: 'The charge of the court above provided for shall be given orally to the jury, but on request of either party or counsel in the case, when it is so desired, and the request made before announcing ready for trial, that the case be reported, the judge presiding shall appoint a stenographer, who shall report the case,'" etc. It will thus be seen that by the terms of the act of 1925, amending the act of 1913, the presiding judge shall charge the jury orally, and upon request have the case reported. There is no provision in the act for the judge to write out his charge and read it to the jury, and file it with the clerk of the superior court.

But it is argued by the plaintiff in error that this act of 1925 is contrary to the general law as embodied in the Civil Code (1910), §§ 4847, 6084, and is therefore unconstitutional, § 4847 provides that "The judges of the superior courts of this State shall, in all cases of felony, and on the trial of all civil cases tried before them, give their charges to the jury in writing; that is to say, shall write out their charges and read the same to the jury, when the counsel for either party shall require them to do so; and it shall be error for such judge to give any other or additional charge than that so written out and read." § 6084 provides that "A new trial may be granted in all cases when the presiding judge may deliver an erroneous charge to the jury against such applicant on a material point, or refuse to give a pertinent legal charge in the language requested, when the charge so requested is submitted in writing. And in the trial of causes in any of the courts of this State, either party or his counsel may make a written request to the court to charge the jury, at any time before the jury retires to consider of their verdict, and without submitting the same to counsel of the opposite party. Requests to the court to charge the jury in wriing may be made in any case, and at any time before beginning the charge." It will be seen that section 6084 relates to specific requests made by counsel in writing, to charge the jury, and not requests to the court generally to charge the jury in writing, as was done in the present case; and this section is not applicable to the facts of the present case.

The caption of the act of 1925, supra, is as follows: "An act to amend an act abolishing justice courts, the office of justice of the peace and notary public ex-officio justice of the peace, and the office of constable in the City of Macon, and to establish and create in lieu thereof a Municipal Court in the City of Macon, approved August 16, 1913, and also for the purpose of amending the acts amending above-recited act, approved August 5, 1921, which amendments were for the purpose of regulating the salaries of the officers of the Municipal Court of the City of Macon, and providing how cases may be reported in said court; and for other purposes." The above caption of the act of 1925 is sufficiently comprehensive to embrace the substance of section 6 of the act of 1925, supra, which provides that the charge of the court above provided for shall be given orally to the jury; and said act is not in contravention of

art. 3, sec. 7, par. 8, of the constitution (Civil Code of 1910, § 6437), which provides: "No law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof."

Nor is the act of 1925 violative of art. 6, sec. 9, par. 1, of the constitution (§ 6527), which provides: "The jurisdiction, powers, proceedings, and practice of all courts or officers invested with judicial powers (except city courts), of the same grade or class, so far as regulated by law, and the force and effect of the process, judgment, and decree by such courts, severally, shall be uniform. This uniformity must be established by the General Assembly." This provision of the constitution authorized the General Assembly to classify courts and to provide the method of procedure therein, with the limitation only that "the uniformity must be established by the General Assembly. The General Assembly in 1912 proposed an amendment to art. 6, sec. 7, par. 1, of the constitution (Civil Code of 1910, § 6523), by providing that "There shall be in each militia district one justice of the peace, whose official term, except when elected to fill an unexpired term, shall be four years; Provided, however, that the General Assembly may in its discretion abolish justice courts, and the office of justice of the peace and notary public ex-officio justices of the peace, in any city in this State having a population of over twenty thousand, and establish in lieu thereof such court or courts or system of courts as the General Assembly may in its discretion deem necessary, conferring upon such new court or courts or system of courts, when so established, the jurisdiction as to subject-matter now exercised by justices' courts and by justices of the peace and notaries public ex-officio justices of the peace, together with such additional jurisdiction, either as to amount or to subject matter, as may be provided by law, whereof some other court has not exclusive jurisdiction under this constitution, together also with such provision as to rules and procedure in such courts and as to new trials and the correction of errors in and by said courts and with such further provision for the correction of errors by the superior court, or the Court of Appeals or the Supreme Court, as the General Assembly may from time to time, in its discretion, provide or authorize. *Any court so established shall not be subject to the rules of uniformity laid down in paragraph 1 of section 9 of article 6 of the constitution of Georgia.*

[Italics ours.] This constitutional amendment authorized the General Assembly to create municipal courts and to provide for rules and regulations, and the method of procedure in such courts. Under the constitutional amendment of 1912, the act of 1925 does not violate the provision of the constitution relative to uniformity of procedure. The constitutional amendment of 1912 expressly provided that any court so established shall not be subject to the rules of uniformity.

The judge of the superior court did not err in overruling the certiorari.      *Judgment affirmed.   All the Justices concur.*